**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-00001-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| ELIJAH SYLEE SHELTON, | |
| Defendant. | |

Before the Court is the Government's Motion for Partial Reconsideration. ECF No. 91. The Motion asks the Court to reconsider, or clarify, its discussion and interpretation of Det. Diaz's testimony in its Report and Recommendation (ECF No. 58) on Elijah Shelton's Motion to Suppress. *Id.* But because the Government has not demonstrated that newly discovered evidence, clear error, or an intervening change in controlling law justifies reconsideration—and motions for reconsideration are disfavored—the Court denies the Motion.

**I.     BACKGROUND**

Shelton filed a Motion to Suppress seeking to exclude evidence seized from his apartment and his girlfriend's red BMW. ECF No. 29. Following briefing and an evidentiary hearing, the Court recommended that the red BMW's evidence be suppressed because it found that the officer who stopped the car, Det. Diaz, did not reasonably identify Shelton as the passenger before the red BMW's stop. *See generally* ECF No. 61. In reaching its conclusion, the Court considered testimony from the lead case agent, Det. Perez, who discussed the investigation of Shelton and recounted the victims' allegations, the facts he corroborated with Shelton's probation officer, his debriefing of Det. Diaz before surveillance, surveillance leading up to the red BMW's stop and Shelton's arrest, and his preparation of the Declaration of Arrest, a report written the day of the incident that detailed the pertinent events and observations. *Id.* at 2–6, 13–15. Because Det. Perez was stationed in front of Shelton's apartment during surveillance and did not witness the red BMW's return, the Court also heard testimony from Det. Diaz regarding his involvement in the

1  investigation, his debrief with Det. Perez, and his observations prior to stopping the red BMW. *Id.*
2  at 4–8, 13–18. The description of the BMW's return in the Declaration of Arrest, the information
3  known to the officers prior to the stop, and the quick timing of events on the day of surveillance
4  also factored into the Court's decision. *Id.* at 13–18. Ultimately, the Court concluded that based
5  on the totality of circumstances, it was more likely that Det. Diaz did not clearly see Shelton
6  before he stopped the red BMW and thus lacked reasonable suspicion for the stop. *Id.*

Following the Court's Recommendation, the Government filed this Motion asking the Court to reconsider or clarify its interpretation of Det. Diaz's testimony. ECF No. 61. At a hearing on the Motion, the Government requested that the Court amend its Recommendation to omit portions of its discussion and also clarify its holding to state that there was insufficient evidence to demonstrate that Det. Diaz saw Shelton before he stopped the car. *See* ECF No. 72. The Government represented that such revisions would not alter the Court's holding and submitted that it would not object to the Court's reasonable suspicion finding. *See id.* After some discussion, defense counsel[1] was willing to accept modification of the Court's Recommendation in exchange for the Government's waiver of its objections. *See id.*

## II.   ANALYSIS

Having considered the Government's brief as well as the representations by counsel at the hearing, the Court finds that the Government has not demonstrated that newly discovered evidence, clear error, or an intervening change in controlling law justifies reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); LR 59-1. Although defense counsel agreed to amendment in exchange for waiver of the Government's objections, because motions for reconsideration are disfavored, and the Government has not demonstrated that reconsideration is necessary, the Court denies the Motion. Moreover, the Recommendation (as written) already finds there was insufficient evidence to demonstrate that Det. Diaz saw Shelton before he stopped the car. ECF No. 58 at 17–18. If the

---

[1] At the time of the hearing, Shelton's continued representation by the Office of the Federal Public Defender was in flux. *See* ECF No. 63. Shelton requested a status conference with the Court to discuss seeking new representation, but the Court has yet to hear such motion.

Government feels it necessary to object to the Court's Recommendation in light of this Order, it may file an appropriate motion seeking leave to do so.

### III.     CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's Motion for Partial Reconsideration (ECF No. 61) is **DENIED**.

DATED this 16th day of September 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE