# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| United States of America, | Case No.: 2:24-cr-00001-APG-BNW |
|---|---|
| Plaintiff | **Order Denying Motion to Dismiss Superseding Indictment** |
| v. | [ECF No. 115] |
| Elijah Sylee Shelton, | |
| Defendant | |

Twelve days before trial, the Government obtained a superseding indictment against Elijah Shelton. ECF No. 111. Among other things, the new indictment drops the gun charge because the weapon was suppressed, adds the amount of methamphetamine Shelton is charged with possessing (which increases the amount of prison time he faces on that charge), corrects some dates, and adds a charge of cocaine possession. *Id.* Shelton moves to dismiss the superseding indictment because of alleged prosecutorial vindictiveness. ECF No. 115. He argues that the government sought the superseding indictment only after he rejected the government's plea offer.[1]

"[I]n the context of pretrial plea negotiations vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000) (citing *United States v. Gallegos–Curiel*, 681 F.2d 1164, 1168 (9th Cir. 1982)).

> The Supreme Court, and [the Ninth Circuit], have recognized that prosecutors will often, as a plea negotiation tactic, threaten increased charges during the course of plea negotiations, and later, if no guilty plea is forthcoming, make good on that threat. Recognizing that such prosecutorial conduct is not meaningfully distinguishable from charging more strictly at the outset and then reducing the

---

[1] The Government filed an opposition (ECF No. 122) but Shelton did not file a reply by the September 23, 2025 deadline.

charges as a result of plea negotiations, the courts have concluded that threatening and then filing more severe charges as an outgrowth of plea negotiations does not violate due process.

*Id*. at 462-463 (citations omitted). "[T]he mere fact that a defendant refuses to plead guilty and forces the Government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified." *United States v. Goodwin*, 457 U.S. at 382-383 (1982). "Rather, the appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *Gallegos-Curiel*, 681 F.2d at 1169 (citation omitted).

Here, the Government sought the new indictment after two new Assistant United States Attorneys (AUSA) replaced the original AUSA and reassessed the case. ECF No. 122 at 7. A prosecutor's reassessment of a case is normal, expected, and furthers societal interests. *Id*. Shelton has not made a threshold showing of the appearance of vindictiveness. And even assuming he had, the Government has offered sufficient reasons to justify its seeking the superseding indictment.

I THEREFORE ORDER that Shelton's motion to dismiss **(ECF No. 115) is DENIED**.

DATED this 26th day of September, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE